# EXHIBIT E

# Sompo International
## Annually Renewable Performance Bond
### BOND # <u>EACX124000217</u>

KNOW ALL MEN BY THESE PRESENTS: That DocuLynx, Inc. (hereinafter called the Principal), and Endurance Assurance Corporation (hereinafter called the Surety), are held and firmly bound unto Oppenheimer & Co. Inc. (hereinafter called the Obligee), in the penal sum of One Hundred Ninety Eight Thousand and ------------ 00/100 Dollars ($198,000.00), the payment of which sum, well and truly to be made, the said Principal and Surety bind themselves, and each of their heirs, administrators, executors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, the Principal and Obligee have entered into a written Agreement dated the 15th day of September, 2017 for a Settlement Agreement in the case titled "Oppenheimer & Co. Inc. v. Doculynx, Inc. As successor-in-interest to Anacomp, Inc., Case No. 17-CV-05940 for a period of Seven (7) years which Agreement is hereby referred to and made a part hereof.

WHEREAS, the Obligee has agreed to accept a bond guaranteeing the performance of said Agreement for a period of one year.

NOW, THEREFORE, THE CONDITIONS OF THE ABOVE OBLIGATION IS SUCH, that if the Principal shall well and truly perform each and every obligation in said Agreement at the time and in the manner specified during the term of this bond, and shall reimburse said Obligee for any loss which said Obligee may sustain by reason of failure or default on the part of said Principal, than this obligation shall be void, otherwise to remain in full force and effect.

PROVIDED, HOWEVER, that this bond is subject to the following conditions:

1. This bond is for the term beginning 9/15/17 and ending 9/15/18. The bond may be renewed for additional terms at the option of the surety, by continuation certificate executed by the Surety. Neither non-renewal by the surety, nor failure, nor inability of the Principal to file a replacement bond shall constitute a loss to the Obligee recoverable under this bond.

2. This bond may be canceled upon the written consent of the Obligee, or by the Surety delivering thirty (30) days written notice to the Obligee of its desire to terminate this bond. Such cancellation or termination shall not affect any liability incurred or accrued thereunder prior to termination or cancellation.

3. In the event of default by the Principal, Obligee shall deliver to Surety by certified mail, a written statement of the facts of such default, within thirty (30) days of the occurrence. In the event of default, the Surety will have the right and opportunity, at its sole discretion, to: a) cure the default; b) assume the remainder of the Agreement and to perform or sublet same; c) or to tender to the Obligee funds sufficient to pay the cost of completion less the balance of the Agreement price up to an amount not to exceed the penal sum of the bond. In no event shall the Surety be liable for fines, penalties, liquidated damages, forfeitures, court costs or attorney's fees assessed against the Principal.

4. No claim, action, suit or proceeding, except as hereinafter set forth, shall be had or maintained against the Surety on this instrument unless same be brought or instituted upon the Surety within one year from termination or expiration of the bond term.

5. No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrator or successors of Obligee.

6. The aggregate liability of the surety is limited to the penal sum stated herein regardless of the number or amount of claims brought against this bond and regardless of the number of years this bond remains in force.

7. If any conflict or inconsistency exists between the Surety's obligations or undertakings as described in this bond and as described in the underlying Agreement, then the terms of this bond shall prevail.

8. This bond shall not bind the Surety unless the bond is accepted by the Obligee. If the Obligee objects to any language contained herein, within 30 days of the date this bond is signed and sealed by the Surety, Obligee shall return this bond, certified mail or express courier, to the Surety at its address at:

Sompo International - Surety
Attention: Eric Altman
1221 Avenue of the Americas
New York, NY 10020

Failure to return the bond as described above shall constitute Obligee's acceptance of the terms and conditions, herein.

Signed and sealed this 9th day of November, 2017.

PRINCIPAL:  
Docuxnx Inc.                (seal)  
Name: Karl Schuster  
Title: SVP Finance

SURETY:  
Endurance Assurance Corporation (seal)  

Tom Branigan, Attorney-in-Fact

| CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT |
|---|

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Los Angeles___

On ___NOV 0 9 2017___ before me, _Sam Fazzini, Notary Public_, personally appeared ___Tom Branigan___ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sam Fazzini_
Signature of Notary Public

# ENDURANCE ASSURANCE CORPORATION

## POWER OF ATTORNEY

POAA000008077  124

*Know all Men by these Present*, that ENDURANCE ASSURANCE CORPORATION, a Delaware corporation (the "Corporation"), with offices at 4 Manhattanville Road, 3rd Floor, Purchase, NY 10577, has made, constituted and appointed and by these presents, does make, constitute and appoint TOM BRANIGAN, NATHAN VARNOLD, JAMES ROSS, DARAVY MADY its true and lawful Attorney(s)-in-fact, at SAN FRANCISCO in the State of CA and each of them to have full power to act without the other or others, to make, execute and deliver on its behalf, as surety or co-surety; bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Corporation for any portion of the penal sum thereof in excess of the sum of TEN MILLION Dollars ($10,000,000).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Corporation as fully and to the same extent as if signed by the President of the Corporation under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the Board of Directors of the Corporation by unanimous written consent on the 9th of January, 2014, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the Board of Directors of the Corporation by unanimous written consent on January 9, 2014 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that in granting powers of attorney pursuant to certain resolutions adopted by the Board of Directors of the Corporation by unanimous written consent on January 9, 2014, the signature of such directors and officers and the seal of the Corporation may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Corporation in the future with respect to any bond or undertaking to which it is attached.

This Power of Attorney shall expire and all authority hereunder shall terminate without notice at midnight (Standard Time where said attorney(s)-in-fact is authorized to act.) December 7, 2019

IN WITNESS WHEREOF, the Corporation has caused these presents to be duly signed and its corporate seal to be hereunto affixed and attested this 8th day of March, 2017 at Purchase, New York.

(Corporate Seal)
ATTEST

MARIANNE L. WILBERT, SENIOR VICE PRESIDENT

ENDURANCE ASSURANCE CORPORATION

By

SHARON L. SIMS, SENIOR VICE PRESIDENT

STATE OF NEW YORK       ss: PURCHASE
COUNTY OF WESTCHESTER

On the 8th day of March, 2017 before me personally came SHARON L. SIMS, SENIOR VICE PRESIDENT to me known, who being by me duly sworn, did depose and say that (s)he resides in SCOTCH PLAINS, NEW JERSEY that (s)he is a SENIOR VICE PRESIDENT of ENDURANCE ASSURANCE CORPORATION, the Corporation described in and which executed the above instrument; that (s)he knows the seal of said Corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Corporation, and that (s)he signed his (her) name thereto by like order.
(Notarial Seal)

NICHOLAS JAMES BENENATI, Notary Public - My Commission Expires 12/07/2019

## CERTIFICATE

STATE OF NEW YORK       ss: PURCHASE
COUNTY OF WESTCHESTER

I, CHRISTOPHER DONELAN the PRESIDENT of ENDURANCE ASSURANCE CORPORATION, a Delaware Corporation (the "Corporation"), hereby certify:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of the Corporation and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. The following are resolutions which were adopted by the Board of Directors of the Corporation by unanimous written consent on January 9, 2014 and said resolutions have not since been revoked, amended or modified.

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Corporation any and all bonds, undertakings or obligations in surety or co-surety with others:

CHRISTOPHER DONELAN, SHARON L. SIMS, MARIANNE L. WILBERT

And be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Corporation."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this       day of       , 20

(Corporate Seal)

NOV 0 9 2017

CHRISTOPHER DONELAN, PRESIDENT

Any reproductions are void.
Primary Surety Claims Submission: suretybondclaims@endurancesservices.com
Surety Claims Hotline: 877-676-7575
Mailing Address: Endurance Surety Claims Department, 750 Third Avenue – 10th Floor, New York, NY 10017