UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OPPENHEIMER & CO. INC.,<br><br>                    Plaintiff,<br><br>    - against –<br><br>DOCULYNX, INC., as successor-in-interest<br>to ANACOMP, INC.,<br><br>                    Defendant. | Case No.: 18-cv-173 (SHS)<br><br>**ANSWER AND COUNTERCLAIMS**<br><br>**Defendant Demands a Jury Trial** |

Defendant DocuLynx, Inc. ("DocuLynx" or "Defendant"), by and through its attorneys,

Putney, Twombly, Hall & Hirson LLP, hereby answers the Complaint of Plaintiff Oppenheimer

& Co. ("Oppenheimer" or "Plaintiff"), as follows:

1.      Denies the allegations set forth in Paragraph 1 of the Complaint, except admits the

Settlement Agreement dated September 15, 2017, and avers that Oppenheimer has materially

breached the Settlement Agreement.

2.      Denies the allegations set forth in Paragraph 2 of the Complaint, except admits

that Oppenheimer commenced the Underlying Action.

3.      Denies the allegations set forth in Paragraph 3 of the Complaint, except admits

that the Settlement Agreement required DocuLynx to secure a performance bond, and

respectfully refers the Court to the Settlement Agreement for its terms and the provision

regarding a performance bond.

4.      Denies the allegations set forth in Paragraph 4 of the Complaint, and avers that

DocuLynx secured the performance bond in accordance with the Settlement Agreement, and

further avers that Oppenheimer has materially breached the Settlement Agreement.

5.      Admits on information and belief the allegations set forth in Paragraph 5 of the

Complaint.

6.      Admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Admits the allegations set forth in Paragraph 7 of the Complaint.

8.      Denies the allegations set forth in Paragraph 8 of the Complaint, except admits the Settlement Agreement, and respectfully refers the Court to the Settlement Agreement for its terms.

9.      Admits the allegations set forth in Paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint.

11.      Admits the allegations set forth in Paragraph 11 of the Complaint.

12.      Admits the allegations set forth in Paragraph 12 of the Complaint, except admits on information and belief the allegations with regard to Anacomp, Inc. ("Anacomp").

13.      Admits the allegations set forth in Paragraph 13 of the Complaint.

14.      Admits the allegations set forth in Paragraph 14 of the Complaint, and respectfully refers the Court to the Master Agreement for its terms.

15.      Admits the Master Agreement alleged in Paragraph 15 of the Complaint, and respectfully refers the Court to the Master Agreement and its Confidentiality section for their terms.

16.      Admits the Master Agreement alleged in Paragraph 16 of the Complaint, and respectfully refers the Court to the Master Agreement and its Default section for their terms.

17.      Denies the allegations set forth in Paragraph 17 of the Complaint, and respectfully refers the Court to the Master Agreement, any amendments thereof, and the Settlement Agreement for their terms.

18.     Admits on information and belief the allegations set forth in Paragraph 18 of the Complaint.

19.     Admits on information and belief the Amended Agreement, and avers that the allegations set forth in Paragraph 19 of the Complaint are incomplete, and respectfully refers the Court to the Amended Agreement for its terms.

20.     Denies the allegations set forth in the Paragraph 20 of the Complaint, except admits on information and belief the Amended Agreement, and respectfully refers the Court to the Amended Agreement for its terms.

21.     Denies each and every allegation contained in Paragraph 21 of the Complaint, except admits that after July 1, 2011, Doculynx continued to provide services to Oppenheimer.

22.     Denies as phrased the allegations contained in Paragraph 22 of the Complaint except admits that in the spring of 2017, Doculynx informed Oppenheimer of a price increase for its services.

23.     Denies as phrased the allegations contained in Paragraph 23 of the Complaint and respectfully refers the Court to the actual communications for their contents.

24.     Denies as phrased the allegations contained in Paragraph 24 of the Complaint and respectfully refers the Court to the actual communications for their contents.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint, and avers that Oppenheimer and DocuLynx continued to engage in communications regarding the Master Agreement, the services provided by DocuLynx to Oppenheimer, and Oppenheimer's payment obligations for said services.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint, except admits that Oppenheimer commenced the "Underlying Action" in the Supreme Court of the State of New York, County of New York, and that DocuLynx removed the Underlying Action to the United States District Court for the Southern District of New York.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint, and respectfully refers the Court to the Underlying Complaint for its contents.

29.     Admits that Oppenheimer moved for a temporary restraining order and preliminary injunction, and respectfully refers the Court to said motion for its contents.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Admits the allegations set forth in Paragraph 31 of the Complaint.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint, and respectfully refers the Court to the Settlement Agreement for its terms.

33.     Denies that Paragraph 33 of the Complaint accurately sets forth the terms of the Settlement Agreement, and respectfully refers the Court to the Settlement Agreement for its terms.

34.     Admits that Paragraph 34 of the Complaint accurately sets forth the language of one paragraph of the Settlement Agreement.

35.     Admits the allegations in Paragraph 35 of the Complaint that paragraphs 13 and 14 of the Settlement Agreement set forth compensation to be paid by Oppenheimer to DocuLynx for services to be performed under the Settlement Agreement.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint, and respectfully refers the Court to the Settlement Agreement for its terms and conditions.

37.     Admits the allegations set forth in Paragraph 37 of the Complaint, and respectfully refers the Court to paragraphs 8 and 9 of the Settlement Agreement for their full terms.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint, except admits that Paragraph 38 accurately quotes the language of paragraph 10 of the Settlement Agreement.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Denies the allegations set forth in Paragraph 40 of the Complaint, and respectfully refers the Court to paragraph 11 of the Settlement Agreement for its terms, and avers that paragraph 11 of the Settlement Agreement refers solely to "reasonable access to the Oppenheimer Data…," and not to return of the Oppenheimer Data.

41.     Denies the allegations set forth in Paragraph 41 of the Complaint, and respectfully refers the Court to paragraph 15 of the Settlement Agreement for its terms.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Complaint.

44.     Denies the allegations set forth in Paragraph 44 of the Complaint.

45.     Denies the allegations set forth in Paragraph 45 of the Complaint, and avers that DocuLynx kept Oppenheimer informed as to its efforts to obtain the bond.

46.     Admits the allegations set forth in Paragraph 46 of the Complaint.

47.     Denies the allegations set forth in Paragraph 47 of the Complaint, and respectfully refers the Court to the DocuLynx Bond for its terms.

48.     Denies the allegations set forth in Paragraph 48 of the Complaint, and avers that the DocuLynx Bond fully complies with the requirements of the Settlement Agreement.

49.     Denies the allegations set forth in Paragraph 49 of the Complaint, except admits that counsel for Oppenheimer sent a letter to counsel for DocuLynx dated November 15, 2017, and avers that DocuLynx's counsel sent a letter to Oppenheimer's counsel by email and FedEx on November 15, 2017, declaring Oppenheimer in default of the Settlement Agreement for failure to pay the first annual installment in accordance with the terms of the Settlement Agreement, and further avers that counsel for DocuLynx by letter dated November 16, 2017, responded to the November 15 letter from Oppenheimer's counsel.  A copy of the November 15, 2017 letter from DocuLynx's counsel is annexed hereto as Exhibit 1 and made a part hereof.  A copy of the November 16, 2017 letter from DocuLynx's counsel is annexed hereto as Exhibit 2 and made a part hereof.

50.     Denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint, respectfully refers to the Court to paragraph 17 of the Settlement Agreement for its terms, and avers that by reason of Oppenheimer's breach of and default under the Settlement Agreement, DocuLynx is entitled to recover "any fees and costs incurred, including reasonable attorneys' fees, related to the successful enforcement of the Settlement Agreement or other agreements referenced within Paragraph 1 herein…."

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Repeats and realleges the answers set forth above to the allegations repeated and realleged in Paragraph 53 of the Complaint.

54.     Denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Complaint, and avers that Oppenheimer is in default of its obligations under the Settlement Agreement by reason of, among other things, its failure and refusal to pay the first Annual Installment when due.

56.     Denies the allegations set forth in Paragraph 56 of the Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Repeats and realleges the answers set forth above to the allegations repeated and realleged in Paragraph 58 of the Complaint.

59.     Denies the allegations set forth in Paragraph 59 of the Complaint.

60.     Denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Repeats and realleges the answers set forth above to the allegations repeated and realleged in Paragraph 61 of the Complaint.

62.     Denies as phrased the allegations set forth in Paragraph 62 of the Complaint and respectfully refers all questions of law to the Court..

63.     Denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Denies the allegations set forth in Paragraph 64 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

65.     DocuLynx has performed all its obligations under the Settlement Agreement.

### SECOND AFFIRMATIVE DEFENSE

66.     Oppenheimer is barred from asserting any claims against DocuLynx under the Settlement Agreement by reason of the equitable doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM

67.     By Settlement Agreement executed by both Oppenheimer and DocuLynx on September 15, 2017, a copy of which is annexed to the Complaint as Exhibit D, Oppenheimer and DocuLynx resolved an action in the United States District Court for the Southern District of New York, Case No.: 17-cv-05940 (SHS).

68.     The Settlement Agreement provides in paragraph 3 thereof that "DocuLynx shall continue to provide data storage services to Oppenheimer for data which was previously imaged by and is currently in the possession of DocuLynx (the 'Oppenheimer Data') for a period of seven (7) years following the execution of the appropriate agreements (the 'Contract Term')."

69.     Paragraph 6 of the Settlement Agreement provides:  "DocuLynx shall provide Oppenheimer with a perpetual license for no less than 110 users to utilize DocuLynx's software for the purpose of accessing the Oppenheimer Data during the Contract Term.  This license contemplates access for regulatory compliance and the related ability to download and print reports to ensure compliance.  It does not contemplate downloading, copying or printing data en masse."

70.     Paragraph 8 of the Settlement Agreement provides:  "DocuLynx shall be required to hold the Oppenheimer Data in escrow with a third-party to be agreed upon by the Parties (the 'Data Escrow') during the Contract Term, which agreement shall not be unreasonably withheld."

71.     Paragraph 9 of the Settlement Agreement provides that "DocuLynx shall pay all costs associated with the Data Escrow."

72.     Paragraph 10 of the Settlement Agreement provides "that, in the event that DocuLynx *and* the escrow agent shall cease providing services to Oppenheimer, Oppenheimer shall immediately be entitled to the return of the Oppenheimer Data from the Data Escrow in the

same format as the Oppenheimer Data was originally provided to DocuLynx, irrespective of any claims by DocuLynx against Oppenheimer." (*Emphasis added*).

73.     Paragraph 13 of the Settlement Agreement provides:  "In exchange for the above described services, Oppenheimer agrees to compensate DocuLynx in the total sum of ONE MILLION THREE HUNDRED EIGHTY SIX THOUSAND DOLLARS AND ZERO CENTS ($1,386,000.00) (the 'Contract Sum')."

74.     Paragraph 14 of the Settlement Agreement provides:  "The Contract Sum shall be paid in seven (7) equal annual installments of ONE HUNDRED NINETY EIGHT THOUSAND DOLLARS AND ZERO CENTS ($198,000.00) (the 'Annual Installments'), with the first Annual Installment being due three (3) business days from Oppenheimer's receipt of the first Annual Installment Bond, as described within Paragraph 14 herein."

75.     Paragraph 15 of the Settlement Agreement provides:  "Prior to being entitled to receive any Annual Installment, DocuLynx shall provide Oppenheimer with written confirmation that DocuLynx's performance under said Annual Installment has been fully bonded and that should DocuLynx cease providing services to Oppenheimer for any reason, Oppenheimer shall immediately be entitled to the return of the prorated unused portion of the respective Annual Installment (the 'Annual Installment Bond')."

76.     Paragraph 16 of the Settlement Agreement, provides:  "Oppenheimer shall make payment of the Annual Installment within three (3) business days of receipt of the respective Annual Payment Bond from DocuLynx."

77.     Paragraph 17 of the Settlement Agreement provides:  "Should either party commit a material breach of this Settlement Agreement or of any of the terms of the additional agreements referenced within Paragraph 1 herein, the other party shall provide written notice of

said material breach by Federal Express.  Should the breaching party failed to cure said material

breach within ten (10) days of written notice of default, the other party shall be entitled to

recover any fees and costs incurred, including reasonable attorneys' fees, related to the

successful enforcement of the Settlement Agreement or other agreements referenced within

Paragraph 1 herein."

78.     Paragraph 21 of the Settlement Agreement provides, *inter alia*:  "The Parties

hereto understand and agree that this is a compromise and settlement of disputed claims to avoid

future expense and protracted litigation, and that such compromise is not an admission of any

liability or wrongdoing by the Parties."

79.     Paragraph 23 of the Settlement Agreement provides:  "In the event of any sale of

DocuLynx or the assets of DocuLynx to a third-party, DocuLynx agrees that it shall be required

to provide a copy of this Settlement Agreement and any additional agreements, as provided for

within Paragraph 1 herein, to the purchaser and confirm that the purchaser is capable of

performing DocuLynx's obligations hereunder prior to the close of any such transaction."

80.     By email sent at 10:08 AM on November 10, 2017, DocuLynx sent a copy of the

Annual Installment Bond to Oppenheimer.  The November 10th email stated:  "Attached is a

copy of the performance bond issued to DocuLynx in connection with the Settlement Agreement.

I ask that the first years' installment be wired to the account below so that access pursuant to the

agreement can begin."  A copy of said email and the attached Annual Installment Bond are

annexed hereto as Exhibit 3 and made a part hereof.

81.     By letter dated November 13, 2017, DocuLynx caused to be hand delivered to

counsel for Oppenheimer the original Annual Installment Bond issued in accordance with the

Settlement Agreement.  A copy of the November 13 letter is annexed hereto as Exhibit 4 and made a part hereof.

82.     By letter dated November 15, 2017 (Exhibit 1 hereto), DocuLynx advised Oppenheimer that Oppenheimer was in default of the Settlement Agreement by reason of its failure to make the first Annual Installment payment within three business days of receipt of the Annual Installment Bond.

83.     More than ten days has elapsed from the notice of default, and Oppenheimer continues to fail and refuse to make the first Annual Installment payment required pursuant to the Settlement Agreement.

84.     By letter dated November 16, 2017, DocuLynx advised Oppenheimer that DocuLynx is and was prepared to fully perform under the Settlement Agreement, that the scope of work for DocuLynx's services had been provided to and accepted by Oppenheimer, and that DocuLynx had already prepaid an escrow agent in compliance with the provisions of the Settlement Agreement.  The November 16 letter is Exhibit 2 hereto.

85.     The November 16 letter (Exhibit 2) explained that the Annual Installment Bond that had been delivered to Oppenheimer fully complied with the Settlement Agreement, and further explained that paragraph 10 of the Settlement Agreement provides that DocuLynx would only be in default if both DocuLynx *and* the escrow agent both ceased providing services to Oppenheimer, and that the Annual Installment Bond fully secured such performance.

86.     The Annual Installment Bond is fully compliant with the terms of the Settlement Agreement.

87.     Despite DocuLynx's full compliance with the requirements of the Settlement Agreement, Oppenheimer continues to fail and refuse to make the first Annual Installment as required.

88.     Oppenheimer is indebted to DocuLynx in the amount of the first Annual Installment, $198,000.00, together with interest, fees and costs incurred by DocuLynx, including reasonable attorneys' fees.

## FOURTH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM

89.     DocuLynx repeats and realleges the allegations set forth in paragraphs 65 through 88 above.

90.     Paragraph 15 of the Settlement Agreement requires that the Annual Installment Bond be renewed annually for DocuLynx to be entitled to receive the Annual Installment.

91.     The requirement for the posting of the Annual Installment Bond continues for six more years under the Settlement Agreement.

92.     Accordingly, DocuLynx requires a judgment declaring that a bond in the form of the Annual Installment Bond tendered to Oppenheimer fulfills the conditions of the Settlement Agreement.

## FIFTH AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM

93.     DocuLynx repeats and realleges the allegations set forth in paragraphs 65 through 88 above.

94.     Oppenheimer by its Complaint and November 15, 2017 letter has demanded the return of the Oppenheimer Data.  Such a demand is an anticipatory breach of the Settlement Agreement.

95.     By reason of such breach, Oppenheimer has caused the full amount of its payment obligations under the Settlement Agreement to be accelerated.

96.     Oppenheimer is indebted to DocuLynx in the amount of $1,386,000.00 together with interest, fees and costs incurred by DocuLynx, including reasonable attorneys' fees.

## SIXTH AFFIRMATIVE DEFENSE AND FOURTHCOUNTERCLAIM

97.     DocuLynx repeats and realleges the allegations set forth in paragraphs 65 through 88 above.

98.     That Oppenheimer's breach of the Settlement Agreement has caused DocuLynx to institute its counterclaims.

99.     That pursuant to Paragraph 17 of the Settlement Agreement Doculynx is entitled to recover its attorney fees expended in enforcing the terms of the Settlement Agreement.

WHEREFORE, DocuLynx demands judgment against Oppenheimer (a) dismissing the Complaint and each "count" thereof, or, alternatively, denying the relief requested in the Complaint and each "Count" thereof, (b) granting to DocuLynx (i) damages in the amount of $198,000.00 together with interest, fees and costs, including reasonable attorneys' fees, and (ii) a declaration that the Annual Installment Bond tendered to Oppenheimer is in compliance with the requirements of the Settlement Agreement, or alternatively, (c) granting to DocuLynx damages in the amount of $1,386,000.00 together with interest, fees and costs, including reasonable attorneys' fees, and (d) granting DocuLynx such further relief as is just.

Dated:   New York, New York
       February 15, 2018

**PUTNEY, TWOMBLY, HALL & HIRSON LLP**

By:         /s/ TAM

          Thomas A. Martin, Esq.
          John B. Fulfree, Esq.
          521 Fifth Avenue
          New York, New York 10175
          (212) 682-0020
          *Attorneys for the Defendant, Doculynx, Inc.*

H:\TERRY\Doculynx\Doculynx Answer withCounterclaims.docx